NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0028n.06

No. 09-2224

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jan 12, 2011**

LEONARD GREEN, Clerk

CINDY LYNN REVERE,                                       )
                                                        )
    Plaintiff-Appellant,                               )
                                                        )
v.                                                      )    ON APPEAL FROM THE UNITED
                                                        )    STATES DISTRICT COURT FOR
WILMINGTON FINANCE, a division of AIG, Federal          )    THE EASTERN DISTRICT OF
Savings Bank; DEVON TITLE AGENCY;                       )    MICHIGAN
COUNTRY WIDE HOME LOANS; BANK OF NEW                    )
YORK, as Trustee; MORTGAGE ELECTRONIC                  )
REGISTRATION SYSTEMS                                    )
                                                        )
    Defendant-Appellees.                               )


Before: NORRIS, COLE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Cindy Lynn Revere lost ownership and possession of her home through non-judicial foreclosure and subsequent eviction proceedings in state court.  She thereafter filed a pro se complaint in federal court, seeking to invalidate the foreclosure, the deeds transferring ownership to the property, and the state-court eviction judgment.  The defendants moved to dismiss Revere's complaint on jurisdictional grounds and for failure to state a claim.

The district court granted the motion for three reasons: first, the court lacked subject-matter jurisdiction over the case; second, the *Rooker-Feldman* doctrine precluded adjudication of Revere's claims in federal court; and third, her claims were barred by res judicata.  The district court then dismissed Revere's claims with prejudice.  She brought this appeal.

No. 09-2224
*Revere v. Wilmington Finance*

The jurisdictional issue is dispositive. We agree with the district court that it lacked diversity jurisdiction over the case because a non-diverse party (Devon Title) is a party to it. And we agree that the court lacked federal-question jurisdiction because Revere's complaint does not contain a federal claim against any defendant. *See Am. Fed'n of Television and Radio Artists, AFL-CIO v. WJBK-TV*, 164 F.3d 1004, 1007 (6th Cir. 1999) ("Merely referring to a federal statute . . . does not establish federal jurisdiction" (citation and quotation marks omitted)).

But Revere is correct to say that the district court erred by dismissing her claims with prejudice. Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case. *See Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005). It is true that, in rare cases where a district court lacks jurisdiction, the court may dismiss a claim with prejudice "as a sanction for misconduct." *Id.* But there was no finding of misconduct here.

The dismissal of Revere's claims should be without prejudice. We modify the district court's judgment accordingly, and as modified, we affirm it.